# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OP DEVELOPMENT, INC., | 1:11-cv-01363 LJO GSA |
| Plaintiff, | **ORDER REGARDING NOTICE OF REMOVAL BY DEFENDANT MICHAEL PASCAL** |
| v. | |
| MICHAEL PASCAL, REBECCA PASCAL, | (Document 1) |
| Defendants. | **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AS MOOT** |
| | (Document 2) |

On August 16, 2011, Defendant[1] Michael Pascal filed a Notice of Removal with this Court, seeking to remove an action from the Merced County Superior Court. (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v.*

---

[1] Although purportedly a notice of removal on behalf of both named Defendants, only Michael Pascal signed the actual notice itself. (Doc. 1 at 3.) However, it appears Defendant Rebecca Pascal did sign a notice intended for the state court and appended as Exhibit 1 to the instant notice. (*See* Doc. 1 at 7.) Nonetheless, for the reasons set forth herein, the Court has no jurisdiction in this matter.

1

*Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

### *Timeliness*

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

Initially, the Court notes that Defendant's removal notice failed to provide "a copy of all process, pleadings and orders served" in the state court action as required. *See* 28 U.S.C. § 1446(a). Defendant's removal notice references these documents as Exhibits A through C, however, the documents were not actually appended to the notice itself or otherwise filed with this Court. Defendant's notice does indicate that Plaintiff's "unlawful detainer complaint" was filed on July 7, 2011, in Merced County Superior Court, case number CVM009244. (Doc. 1 at 1-2.) However, while Defendant also indicated an appearance was entered, he has not referenced any date of service of process of the summons and complaint. (Doc. 1 at 1-2.)

While Defendant's pleading does state that the notice is "timely because it is not barred by the provisions of 28 U.S.C. § 1446(b)," because Defendant did not provide a date upon which he received service of process, this Court cannot make a determination regarding timeliness.

Nevertheless, although timeliness is unclear, the Court will turn to address the issue of jurisdiction.

*Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 2.) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed in the state court apparently contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. *See Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). In other words, Defendant's reference to "Title VII of the Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009'" (Doc. 1 at 2 ["Defendants assert a defense . . ."]) is an attempt to add a claim or raise a defense to a notice of removal that cannot succeed.

Further, in determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law"). While a copy of Plaintiff OP Development, Inc.'s complaint for unlawful detainer is not available to the Court, such an action typically raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal jurisdiction.

//

***Application to Proceed Without Prepayment of Fees***

In light of the foregoing, Defendant's application to proceed without prepayment of fees is DENIED as MOOT.

**CONCLUSION AND ORDER**

Based on the above, this action is REMANDED *sua sponte* to the Merced County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court is directed to remand the matter to the Merced County Superior Court and to close this case.

IT IS SO ORDERED.

**Dated:   August 22, 2011**                         /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE